**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sajjad Chohan,<br>Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>Luxor Limo Inc.,<br><br>Defendant. | **Civ. Action #:**<br><br>**COMPLAINT**<br>**(Collective and Class Action)**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Sajjad Chohan ("Plaintiff," or "Chohan"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant Luxor Limo Inc. ("Defendant" or "Luxor Limo") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the defendant, under the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to recover full reimbursement of costs, including reimbursement for monies spent cleaning and maintaining uniforms Defendant required them to wear, under Article 6 of the New York Labor Law including Section 191, 193, 198, and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff and the class members are also entitled to recover maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

5. Plaintiff is also entitled to recover his unpaid commissions, and unlawful wage deductions under Article 6 of the New York Labor Law including Section 191, 193, and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

**THE PARTIES**

9. Plaintiff Sajjad Chohan ("Plaintiff" or "Chohan") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

10. Upon information and belief and at all times relevant herein, Defendant Luxor Limo Inc. ("Luxor Limo") was a New York for-profit corporation with a place of business located in Kings county, New York at 100 Huntington Street, Brooklyn, NY 11231.

**STATEMENT OF FACTS**

11. Upon information and belief, and at all times relevant herein Defendant is in the business of providing transportation services to customers. See https://www.luxorlimo.com/

12. Upon information and belief and at all times relevant herein, Defendant employed approximately 50 or more employees including drivers like Plaintiff at any given time and approximately over 200 employees during the class period.

13. At all times relevant herein, Defendant had recurring contracts with business clients and pursuant to these contracts, Defendant provided recurring and ongoing transportation services to these businesses using employees like Plaintiff.

14. At all times relevant herein, Plaintiff worked pre-arranged trips where he would be told the pick-up and drop-off locations and the names of the passengers –Plaintiff was not allowed to pick up passengers on the street who did not first place an order through Defendant's offices for a pre-arranged trip.

15. Plaintiff Chohan was employed by Defendant from on or about March 8, 2016 to on or about June 6, 2017.

16. At all times relevant herein, Plaintiff Chohan was employed by Defendant as a driver/ chauffeur - Plaintiff Chohan performed the manual and physical work of driving and opening and closing doors and handling baggage throughout the workday – Plaintiff's vehicle weighed less than 10,000 pounds.

17. At all times relevant herein, Defendant paid Plaintiff at a regular rate of about $8.00-$8.30 an hour, plus about $250-$300 a week in commissions – Defendant did not include the commissions in calculating the overtime rate and wages for Plaintiff and the putative class members.

18. At all times relevant herein, Defendant had a policy and practice of deducting about 2 hours a day from Plaintiff's wage for lunch and rest breaks even though Plaintiff only took about 30 minutes a day for such breaks because of the requirements of the job – the putative class members were also subjected tot his excessive deductions for lunch and breaks.

19. During the period of Plaintiff's employment with Defendant, Plaintiff worked about 50-66 hours each week for Defendant and likely more – 10-11 hrs a day; 5-6 days a week.

20. At all times relevant herein, Plaintiff and the putative class members were not paid at a rate of 1.5 times their regular rate for their overtime hours worked (hours over 40 in a week).

21. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendants were required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of Plaintiff's wage and time records that Defendants were required to keep are incorporated herein by reference.

22. At all times relevant herein, Defendant required Plaintiff to purchase and wear uniforms during the course of his employment. As a result, Plaintiff spend about $400-$500 purchasing uniforms and about $10 per week to wash/clean and maintain such uniforms – for which Plaintiff was never reimbursed in violation of NYLL 193.

23. At all times relevant herein, Defendant required Plaintiff to purchase items such as roses for Defendant's customers. As a result, Plaintiff spent about $40-$50 per month on roses for which he was never reimbursed in violation of NYLL 193.

24. At all times relevant herein, Defendant did not provide Plaintiff and the putative class members with the notice(s) required by NYLL 195(1).

25. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff and the putative class members did not contain Plaintiff's correct rates of pay including their regular and overtime rates, among other deficiencies.

26. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

27. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the State of New York.

28. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendant utilized the goods, materials, and services through interstate commerce such as automotive parts, equipment, and tools, and other auto body equipment and supplies.

30. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

31. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

32. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

34. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

36. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)**

38. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

40. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

41. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendants, and who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

42. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon

information and belief, there are over 200 members of the class during the class period.

43. The class includes but is not limited to employees who did driving for Defendant.

44. The class definition will be refined as is necessary, including after discovery if necessary.

45. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

46. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

47. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

48. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

49. Due to Defendant's FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. (Unpaid Overtime)**

50. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth

fully and at length herein.

51. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendant, and who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 3) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

52. The class includes but is not limited to employees who did driving for Defendant.

53. The class definition will be refined as is necessary, including after discovery if necessary.

54. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 200 members of the class during the class period.

55. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

56. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

57. Upon information and belief, the claims of the representative party are typical of the claims of the class.

58. The representative party will fairly and adequately protect the interests of the class.

59. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

60. There are questions of law and fact common to the class which predominate over any

questions solely affecting individual members of the class, including:

(a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate Defendant and in light of the large number of putative class members.

62. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

63. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

64. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**NYLL § 190, 191, 193, 195 and 198**

65. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 64 above as if set forth

fully and at length herein.

## CLASS ALLEGATIONS

66. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

67. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former hourly employees of Defendants who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

68. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay among other information.

69. The class definition will be refined as is necessary, including after discovery if necessary.

70. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 200 members of the class during the class period.

71. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

72. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

73. Upon information and belief, the claims of the representative party are typical of the claims of the class.

74. The representative party will fairly and adequately protect the interests of the class.

75. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

76. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a) whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

77. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

78. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

79. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

80. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this

violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1d), as well as an injunction directing Defendants to comply with NYLL 195(1).

**Relief Demanded**

81. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**AS AND FOR A FOURTH CAUSE OF ACTION**

**(NYLL § 190, 191, 193, and 198)**

82. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 99 above with the same force and effect as if fully set forth at length herein.

83. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

84. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his wages including his unpaid non-overtime and overtime wages, and by failing to reimburse Plaintiff for unlawful deductions such as for the costs of uniforms, and flowers as laid out above as well as unpaid commissions.

**Relief Demanded**

85. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid non-overtime and overtime wages, reimbursement for unlawful deductions, maximum liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

Certify this case as a class action pursuant to CPLR Art. 9 et Seq. including §§ 901, 902;

86. As to the **First Cause of Action**, award Plaintiff and those similarly situated class members, who opt-in to this action, their unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

87. As to the **Second Cause of Action**, award Plaintiff and those similarly situated class members, their unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

88. As to the **Third Cause of Action**, award Plaintiff and those similarly situated class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

89. As to the **Fourth Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime and overtime wages, reimbursement for unlawful deductions, as well as unpaid commissions, maximum liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §§ 193, 198

90. Award Plaintiff prejudgment interest on all monies due;

91. Award Plaintiff and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

92. Award Plaintiff and all others similarly-situated, such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**December 31, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_________________
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF