## SETTLEMENT AGREEMENT AND RELEASE

Sajjad Chohan ("Plaintiff"), and Luxor Limo Inc. ("Defendant"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiff" shall be defined as Sajjad Chohan.

    b. Plaintiff Sajjad Chohan was employed by Defendant Luxor Limo Inc.

    c. "Defendant" shall be defined as Luxor Limo Inc.

    d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on December 31, 2018, in the United States District Court, Eastern District of New York with Civil Action #: 17-CV-7602 (AMD)(RER).

    e. WHEREAS, no court has considered or determined the claims presented;

    f. WHEREAS, COMPANY admits no wrongdoing, nor any liability with respect to CLAIMANT'S allegations;

    g. WHEREAS, the Settling Parties acknowledge that this Settlement Agreement, and the monies received by Claimants and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or time worked;

    h. NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

2. **Consideration**. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. PLAINTIFF agrees that they will not seek any further consideration from DEFENDANTS, including any monetary payment, beyond that which is set forth in in this Settlement Agreement. Defendants agree to make the following payments:

    a. Four checks made payable to "Sajjad Chohan" each in the amount of One Thousand, Five Hundred Dollars ($1,500), totaling Six Thousand Dollars ($6,000), to be reported on an IRS Form W-2. The first of these four (4) payments will be due on or before September 27, 2018 and the remaining 3 payments will be due at 30-day intervals following the date the first payment is due;

1

b. Four checks made payable to "Sajjad Chohan" each in the amount of One Thousand, Five Hundred Dollars ($1,500), totaling Six Thousand Dollars ($6,000), to be reported on an IRS Form 1099-MISC (Box 3). The first of these four (4) payments will be due on or before September 27, 2018 and the remaining 3 payments will be due at 30-day intervals following the date the first payment is due;

c. Four checks made payable to "Abdul Hassan Law Group, PLLC" each in the amount of One Thousand, Six Hundred Fifteen and 75/100 Dollars ($1,615.75), totaling Six Thousand, Four Hundred and Sixty-Three Dollars ($6,463), representing a 1/3 contingency fee ($6,000) plus costs ($463), to be reported on an IRS Form 1099-MISC (Box 14). The first of these four (4) payments will be due on or before September 27, 2018 and the remaining 3 payments will be due at 30-day intervals following the date the first payment is due;

d. The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427. Plaintiff's Counsel shall hold the settlement payments until the seven-day revocation period has expired. Plaintiff has agreed to waive the 21-day review period.

e. If there is a default in making the payments herein, Plaintiff or his counsel, will give Defendant **Luxor Limo Inc.**, written notice of said default, by sending a notice of default via email to Defendant's attorneys **Mr. Abraham Hamra, Esq.** Defendant will have seven (7) days from receipt of such notice to cure the default. If Defendants do not cure the default within seven (7) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendant **Luxor Limo Inc.**, in the amount of Thirty Thousand Dollars ($30,000) less any monies paid by Defendant at the time of default. Notwithstanding any other provision of this agreement, the Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

f. Defendant knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, arising from or relating to his employment with Defendant as of the date of execution of this Agreement.

3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all wage and hour claims, under the federal Fair Labor Standards Act and the New York Labor Law, with prejudice. Plaintiff acknowledges that this payment reflects 100% of the wages due and 100% of the liquidated damages owed to the Plaintiff. This release will bind Plaintiff's heirs and assigns.

5. **Acknowledgments and Affirmations**.

2

a. Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff authorizes his attorney to seek approval of the settlement and dismissal of the Action with prejudice.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Claimant's Responsibility for Taxes.** Claimant assumes full responsibility for any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Claimant under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendant to Claimant or his attorneys pursuant to this Settlement Agreement. If the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Claimant and/or Defendant is liable for any failure by Claimant or his attorneys to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Settlement Agreement, or liable for interest or penalties related thereto, Claimant agrees to hold Defendant harmless for any such liability.

11. **Various Proceedings Stayed**. The Settling Parties agree to stay all proceedings in this Action, except such proceedings as may be necessary to implement and complete the Settlement Agreement.

12. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or

agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

13. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

14. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

15. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

16. **Counterparts**. The Parties may execute this Agreement in counterparts, each of which shall constitute an original for all purposes, including any copies of same, but this Agreement shall not be effective until each Party has executed at least one counterpart. The Parties will be bound by signatures on this document which are transmitted by mail, hand delivery, facsimile and/or any other electronic method (e-mail or otherwise) to the other Party or, if applicable, counsel of record for the other Party. Such signature will have the same binding effect as an original signature.

17. Claimant warrants that he and his Attorneys do not know of any other individuals with similar claims against Company.

18. Notices:
   a) If to Plaintiff:    Abdul Hassan Law Group, PLLC
                          215-28 Hillside Avenue
                          Queens Village, NY 11427
                          abdul@abdulhassan.com

   b) If to Defendants:
                          Varacalli & Hamra, LLP.
                          32 Broadway, Suite 1818
                          New York, NY 10004

19. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Chohan was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Chohan is competent to execute this Agreement.

4

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

SAJJAD CHOHAN

By: _____

Date: 9/13/2018

**DEFENDANT:**

LUXOR LIMO INC.

By: _____

Print Name: SHLOMO CHLOFFO

Title: V.P.

Date: 9/21/18